MICHAEL MEYER
SBN: 101096
931 N. VIGNES STREET
SUITE 204
LOS ANGELES, CA 90012
(213) 691-1443
Defendant and movant
Guillermo Montero

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

|  |  |
|---|---|
| IN RE:<br><br>MARIA ELIZABETH MONTERO LEON,<br><br>REORGANIZED DEBTOR<br><br>———————————————<br><br> MARIA ELIZABETH MONTERO LEON,<br><br>        PLAINTIFF,<br><br>vs.<br><br>GUILLERMO MONTERO,<br>        Defendant | Case No.:<br><br><br><br><br><br><br><br><br>NOTICE OF MOTION AND MOTION TO WITHDRAW FOR REFERENCE OF ADVERSARY PROCEEDING 2:25-AP-01061-WB FROM THE BANKRUPTCY COURT TO THE DISTRICT COURT PURSUANT TO 28 USC SEC, 157(D) (DISCRETIONARY AND /OR MANDATORY WITHDRAWAL) MEMORANDUM OF POINTS AND AUTHORITIES DECLARATION OF |

MICHAEL MEYER IN SUPPORT
THEREOF

DATE:  TBD
TIME:  TBD
CTRM:  TBD

**TO PLAINTIFF MARIA ELIZABETH MONTERO LEON, AND EACH**

**PARTY TO THE ADVERSARY PROCEEDING (EXCLUDING MOVANT):**

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF**

**RECORD NOTICE IS HEREBY GIVEN** that on a dated to be determined at  a time to

be determined, or as soon thereafter as the matter may be heard, Defendant

Guillermo Montero, will appear in this action and move the above entitled Court,

located at 255 W. Temple Street, Los  Angeles, CA 90012, Ctrm  , for an order to

Abstain and or withdraw reference of the herein adversary case under 28 USC

§1334©(2) and/or in the alternative 28 USC §1334©(2) ,  pursuant to 28 U.S.C.

§157(d),  5th Amendment to United States Constitution, Hobbs Act 18 U.S.C. §

1951 and Federal Rule of Bankruptcy Procedure 9014,  Mandatory or

Discretionary of Withdrawal of  Reference After Removal is made by a motion.  A

Withdrawal of Reference motion is governed by Rule 9014.

This motion is based upon this Notice, the records and papers on file

herein, the attached Memorandum of Points and Authorities, the Declarations of

GUILLERMO MONTERO, and on such other evidence as may be presented at the hearing of this motion.

**Your rights may be affected**.  You should read these papers carefully an discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)

**Deadline for Opposition Papers:**  This Motion is being heard on regular notice pursuant to LBR 9013-1.  If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated this day 17th  of October, 2025.    Respectfully submitted by:


By:_____

MICHAEL MEYER, Attorney for  Defendant

T

1. On December 20, 2023 Maria Elizabeth Montero Leon ("DEBTOR") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. Movant, Guillermo Montero ("GUILLERMO") is the Defendant in an adversary proceeding ("Adversary Proceeding") ADVERSARY CASE No: 2:25-ap-01061-WB currently pending before the Bankruptcy Court in the Reorganized Debtor's bankruptcy case.

3. The Adversary proceeding was originally commenced by Plaintiff on March 24, 2025 in the United States Bankruptcy Court Central District of California (the "Bankruptcy Court Action").

The Adversary Proceeding involves the Reorganized Debtor claims which are Declaratory relief, quiet title and determination or priority or extent of interest in property. The State family law Court is the proper forum to adjudicate the aforementioned claims asserted by Plaintiff.

4. Defendants defenses are Plaintiff breached her fiduciary duty to him as her spouse, under California Family Code §§721, 1100, 11

U.S.C. §§523(a)(4). 523(a)(6), common law fraud, embezzlement and financial elder abuse.

5. The Defendant as the spouse of the Reorganized Debtor filed for legal separation from the Plaintiff and his attorney filed a lis pendens against the real property commonly known as 631 N. Hillcrest Road, Beverly Hills, California 90210 that was sold during the pendency of the bankruptcy case. The filing of the lis pendens caused the bankruptcy court to favor Plaintiff throughout these proceedings all to Defendants detriment.

6. Withdrawal of the Adversary proceeding to the District Court for the Central District of California is mandatory under 28 U.S.C. §157(d) because the resolution of the Adversary Proceeding requires substantial and material consideration of the application of the bankruptcy law and other laws of the United States regulating organizations or activities affecting interstate commerce.

7. Cause exists for withdrawal of the adversary proceeding and the complete bankruptcy case to the District Court for the Central District of California under 28 U.S.C. §157(d) because the Reorganized Debtor has engaged in forum shopping to obtain a favorable decision from the bankruptcy court; two of the claims are

core but will probably be resolved by motion.  It has been the bankruptcy court's course of conduct to  deny Defendant and his counselors the right to present evidence and a trial all in violation of due process of law.

8. This motion is timely made in that it became clear to the Defendant after  the  Debtor's chapter 11 plan had been confirmed and she filed an adversary proceeding to have all the sale proceeds confirmed to her although her bankruptcy petition confirmed the real property was a community property asset.

9. This removal is also timely made because the bankruptcy court's order to the Reorganized Debtor to withhold HRB's 50% sale proceeds that belong to Defendant is unwarranted and violates Defendant's 5th Amendment  right against taking without just compensation  and interferes with interstate commerce.

10.  It became clear to the Plaintiff on October 13, 2025 that consideration of other federal laws such as the 5th Amendment to United States Constitution, Hobbs Act 18 U.S.C. § 1951 were required to resolve the Adversary Proceeding in relationship to this motion.   The Reorganized Debtor has committed wire fraud and bank fraud by sequestering the 50% of the  sale proceeds in her

attorney's, Eric Bensamochan's, client trust account in violation of 11 U.S.C. §363(j) that belong to Guillermo Montero.

11. The Reorganized Debtor has utilized the bankruptcy court and laws to deprive Plaintiff of $500,000.00 in personal property by falling to list valuable assets and abandonment of Guillermo's personal property to purportedly to family and friends without turning said personal property over to Plaintiff.

12. Defendant filed a 9011 Sanction motion to extort the 50% sale proceeds from the sale of the community property under color of official right.

13. While it is true Plaintiff transferred the real property to Defendant it was and remained the family residence for both parties and the community ceased to

Dated: October 17, 2025          Respectfully submitted

By: _____

        MICHAEL MEYER, Attorney for Defendant

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

## MOTION TO WITHDRAW REFERENCE

Defendant filed the herein motion to remove the adversary lawsuit the

Reorganized Debtor filed in order to retain for herself the 50% personal property

consisting of cash proceeds from the sale of the 631 N. Hillcrest Road, Beverly

Hills, CA 90210 real property. Pursuant to 11 U.S.C. §363(j) the reorganized

Debtor Maria Leon had a duty to remit to Guillermo the proceeds from the sale

upon the close of escrow. Plaintiff has not delivered said funds to the movant for

various reasons that have nothing to do with the administration of the bankruptcy

estate.

The real property was sold and the 50% title ownership was replaced by a lien

on 50% of the proceeds from the sale which the Reorganized Debtor was required

by operation of 11 U.S.C. §363(j) to remit to Guillermo. Plaintiff Leon has

asserted ownership of the money but refuses to litigate the community property

issues in state court where such disputes belong.

Movant acknowledges that the confirmation of the Reorganized Debtors plan

revested all property in the debtor. However, the 50% of the cash proceeds never

belonged to the Debtor although she refused to remit said sum to Guillermo. The

chapter 11 plan did not provide for a resolution of the 50% cash proceeds and

reservation of jurisdiction in reorganization plans is limited to plan enforcement.

*[In re Alabama Fuel Sales Co., Inc.* (ND AL 1985) 45 BR 365, 368.]

In this case there the bankruptcy court refuses to enforce the mandate of 11 U.S.C. §363(j).   The Reorganized Debtor was required to remit the 50% cash proceeds to Guillermo.  The Reorganized Debtor has no excuse or right to convert the 50%  of the real property sale proceeds to her benefit or the bankruptcy estate.

   Defendant  filed an adversary proceeding in the underlying bankruptcy case for an order requiring the Reorganized Debtor to remit the 50% of the  sale proceeds to him but the bankruptcy Court has not rendered a decision nor has the Reorganized Debtor remitted the money to Defendant.

### A.  CAUSE EXISTS FOR WITHDRAWAL OF THE MATTER TO DISTRICT COURT

   Guillermo  asserts there is cause for withdrawal of the adversary proceeding to the District Court for the Central District of California under 28 U.S.C. §157(d) because the 5th Amendment rights of Plaintiff are being violated by the withholding of the 50% real property sale proceeds  and the withholding violates the  Hobbs Act (18 U.S.C. § 1951).    The debtor has engaged in forum shopping and the proceeding is not a  core proceeding.

    This motion is timely made because the Debtor's plan of reorganization was filed and confirmed in November 2024.  The adjustment of distributions to creditors has occurred with the exception of the creditors the Reorganized

Debtor has refused to pay.  The Adversary proceeding has not been ruled on by the bankruptcy court.  On October 14, 2025 the bankruptcy court 90 day stay (although the court did not call it that) dissolved and dates have been set for discovery cut-off, mediation and pre-trial conference.

### i.    Defendants Violation of the  Hobbs Act (18 U.S.C. § 1951).

The  Hobbs Act (18 U.S.C. § 1951) states in pertinent part at subparagraph (a):

> "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."

The Hobbs Act requires the violation of a federal statute or law that affects interstate commerce.  In this case the retention of Guillermo's money was accomplished by electronic transfer of the money into the trust account of Eric Bensamochan without legal right.   This was an obstruction of Guillermo's right to receipt of his 50% share of the sale proceeds.  The delay in paying over the money affected interstate commerce and intrastate commerce because Guillermo is  owed the money as a result of California Community property laws and cannot obtain adequate housing, clothing and food.

The term "extortion" under 18 U.S.C. § 1951 means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

The second requirement of the Hobbs Act was met by the Reorganized Debtor's use of the bankruptcy court to extort the 50% from the nondebtor for her own benefit. In this case the Reorganized Debtor has used the bankruptcy court and her bankruptcy proceeding to obtain Guillermo's 50% of the community property real property proceeds under color of official right. The bankruptcy court has participated and ratified the strong arm tactics of the reorganized Debtor by sanctioning him for exercising his legal right to object to the overcharge of the estate for attorney fees, debtor distributions, failure to list personal property, abandonment of personal property that did not belong to the Debtor, and imposition of sanctions without adhering to the bankruptcy code.

## B.  THE ADVERSARY PROCEEDING IS NOT A CORE PROCEEDING

The bankruptcy court advised attorney Bensamochan to file a motion for violation of the stay against Defendant and Ms. Vargas. The bankruptcy court entered a money judgment against Defendant and Ms. Vargas without providing them with the opportunity to testify or present evidence in their own defense.

The bankruptcy court also did not obtain any evidence that proved Guillermo could pay $10,000.00 or more in sanctions or that Brenda Vargas had the ability to pay.

Guillermo Montero is a senior citizen receiving Social Security Benefits that the Reorganized Debtor and her attorney recently attempted to levy against by way of service of a levy on his bank account.    During the interim of the stay violation adversary case the court sanctioned Guillermo an additional sum because he did not pay the original sanction order.

Most recently the bankruptcy court has sanctioned Guillermo and his attorney Michael Meyer for filing a summary judgment motion to dispose of the stay violation  adversary proceeding (2:24-ap-01164WB)  since everything was done in the underlying bankruptcy case as the Reorganized Debtor admitted.

On the August 5, 2025 the bankruptcy court also entered an order sanctioning Guillermo and Michael Meyer, defense counsel, for having the audacity to file a summary judgment motion to dispose of the non-litigated 2:24-ap-01164WB case. The Debtor never litigated the stay violation adversary proceeding and the motion for summary judgment was appropriate in light of the bankruptcy court orders made in the bankruptcy case.

On August 5, 2025 the bankruptcy court entered an order denying the motion for summary judgment in the 2:24-ap-01164WB case although the hearing date for the

motion was set for September 23, 2025 and did not provide Guillermo nor his counsel with notice that the court would render a decision sua sponte.

On August 5, 2025 a hearing was held that Defendant was excluded from according to the Order filed by attorney Eric Bensamochan.  The bankruptcy court never informed the parties it planned to render a decision on the summary judgment motion in chambers or ex parte with only the Plaintiff in attendance. Defendant had a right to reply to the objection of Plaintiff which was cut off by the bankruptcy court's sua sponte decisions predicated upon a prejudice against Defendant and meant to silence him while assisting Plaintiff in her breach of fiduciary duty.

On August 13, 2025 Plaintiff's counsel filed a motion to dismiss the adversary complaint, 2:24-ap-01164WB, indicating the matter is "moot" although it has been "moot" for over fourteen months.  The same issues Defendant raised in his moving papers are being raised by Plaintiff and if history is any indication of the future the court will continue to sanction Guillermo for daring to oppose any  motion(s).

On August 19, 2025, Guillermo and his attorney Michael Meyer filed appeals of the August 5, 2025 judgments and orders made by the bankruptcy court.  The appeals are docketed in the United States District Court as 2:25-cv-07774-JGB and 2:25-cv-07785FWS.

The Debtor, her counsel and the bankruptcy court have used the adversary complaint to determine the dispute between the Debtor and a third party to determine the debtor's legal  rights against nondebtor third parties and  ownership interest in property owned by a third party is not a core matter.  [*In re Glen Ivy Resorts, Inc.* (BC CD CA 1994) 17 B.R. 98 , 102-104.)

The 50% real property transfer to Debtor was not  a complete ownership transfer in light of the fact the parties continued to live together  and Guillermo paid the mortgage with his separate property income.  The bankruptcy code required the Reorganized Debtor to remit the sum represented by the 50% to Guillermo on the close of escrow.   The reorganized debtor's excuse is the transfer deed conferred all interest to her forever.  The reorganized debtor does not take into account the payments made after the transfer on the mortgage are reimbursable to Guillermo. Under California law a tracing must occur since the presumption of undue influence arises as a result of the Reorganized Debtor obtaining an advantage over her husband without just compensation.    Had the couple divorced or separated after the transfer deed was executed then the reorganized Debtor would have a plausible argument that real property equity moving forward was her separate property if she paid the mortgage.

However, the parties continued to reside together as husband and wife until 2024 approximately 19 years after the real property transfer.  As the evidence will show

the Reorganized Debtor just recently began to earn $40,000.00 per year whereas the mortgage for the community property residence was $15,000.00 per month an amount she could not afford to pay.

Again, the plain language of the statute directs the trustee, or in this case the Reorganized Debtor, to  immediately to distribute proceeds after the sale. Thus, the bankruptcy court commits an error if it permits  the trustee or Reorganized Debtor to indefinitely withhold Guillermo's portion of the sale proceeds. [*In re Flynn* (9th Cir 2005) 418 F.3d 1005.]

The failure of a bankruptcy trustee or DIP to pay over sale proceeds as required by 11 U.S.C. § 363(j) is a serious breach of fiduciary duty that can result in legal action, personal liability, and removal of the trustee. Section 363(j) mandates that after a sale of co-owned or community property, the trustee must distribute the proceeds to the co-owners and the bankruptcy estate according to their respective interests.    The bankruptcy court in this  adversary proceeding plans to  distribute the 100% real property sale proceeds to Plaintiff but the bankruptcy court does not have jurisdiction over that.  It is obvious the bankruptcy court dislikes Guillermo and his counsel but that is not enough to deny him of his right to possession of the 50% portion of the sale proceeds.

**C.  THE VIOLATION OF 11 U.S.C. §363(J)  IS NOT A CORE PROCEEDING**

The  District Court must finds that this proceeding is not a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).   The court must analyze the defenses raised by Guillermo and make a finding that they sufficiently effect the debtor-creditor relations so as to justify the issuance of a final order.  [*Matter of Wood,* 825 F.2d (5th Cir. 1987*); In re World Financial Services Center, Inc*. 64 B.R. 980, 984-87 (Bankr. S.D. 19860.]

 In the instant action,  the causes of action include (1) Violation of 11 U.S.C. §363 (2) Injunctive Relief .   Each of these rights arose after the July 2024 sale of the community  property residence   and are independent and antecedent to the petition which conferred jurisdiction upon this court and are not integral to the restructing of the debtor-creditors rights.


 Defendant  asserts Section 363(j) which  mandated that, after the sale of the co-owned property, "the trustee *shall* distribute to . . . the co-owner of such property . . . the proceeds of such sale . . . according to the interests of such . . . co-owner and of the estate." 11 U.S.C. § 363(j) (emphasis added). Again, the plain language of the statute directs the trustee, or in this case the Reorganized Debtor, to  immediately to distribute proceeds after the sale. Thus,

the bankruptcy court commits an error if it permits the trustee or Reorganized Debtor to indefinitely withhold Guillermo's portion of the sale proceeds. [*In re Flynn* (9th Cir 2005) 418 F.3d 1005.]

The failure of a recognized Debtor to pay over sale proceeds as required by 11 U.S.C. § 363(j) is a serious breach of fiduciary duty that can result in legal action, personal liability, and removal of the reorganized Debtor. Section 363(j) mandates that after a sale of co-owned or community property, the trustee must distribute the proceeds to the co-owners and the bankruptcy estate according to their respective interests.    It is obvious the bankruptcy court dislikes Guillermo and his counsel but that is not enough to deny him of his right to possession of the 50% portion of the sale proceeds.


Another issue that was not addressed in the bankruptcy proceeding is the evidence presented by the Debtor was a privileged communication. The Ninth Circuit Court of Appeals has held the recording of a *lis pendens* is privileged under California's litigation privilege, as codified in California Civil Code § 47(b), and therefore cannot give rise to tort liability. [*See Alpha &Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal.App.4th 656, 665 (2011) (holding that a *lis pendens* is covered by California's litigation privilege if it "identifies an action 'previously filed' in a court of competent jurisdiction that . . . affects title or right to possession

of real property" (quoting Cal. Civ. Code § 47(b)(4))); *see, e.g.*, *Chang v. Lederman*, 172 Cal.App.4th 67, 87-88 (2009) (in suit for intentional infliction of emotional distress by widow against trust attorney, letter from attorney to widow instructing her to vacate house per trust provisions fell under the litigation privilege because it was sent to further the probate proceedings initiated by a third party); *Woodson v. Leestma*, No. 23-55063, 3 (9th Cir. Jul. 17, 2024)]

The lis pendens at issue identified the legal separation action  filed in Los Angeles Superior Court affected the title or right to possession of the real property of the Debtor and her husband.    Moreover, 11 U.S.C. §362(b)(2)(iv) excludes a dissolution of marriage from the purview of the automatic stay[1].

Another issue is the bankruptcy estate ceased to exist upon the confirmation of the chapter 11 plan in November 2024 but an adversary case was allowed to

---

[1] **11 USC §362(b)**The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
   **(1)**
   under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;
   **(2)**under subsection (a)—
   **(A)**of the commencement or continuation of a civil action or proceeding—
   **(i)**
   for the establishment of paternity;
   **(ii)**
   for the establishment or modification of an order for domestic support obligations;
   **(iii)**
   concerning child custody or visitation;
   *(iv)*
   *for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or*

continue although the real property had been sold and the chance that Defendant would violate the stay was ceased to exist.  The maintenance of the adversary stay case was to threaten Guillermo with additional sanctions if he persisted in trying to enforce his community real property rights.

## C. THE CASE MUST BE REMOVED FROM THE  BANKRUPTCY COURT  BECAUSE ALL THE CLAIMS ARE STATE LAW CLAIMS.

The  bankruptcy court's jurisdiction over the 50% sale proceeds ended upon the sale of the real property.  The causes of action raised by the adversary proceeding are all state claims.        *Preliminarily, Defendant Guillermo Montero does not consent to the bankruptcy court entering any judgments in this matter because the claims are "moot."* [*Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).]

The claims asserted by the Plaintiff are Declaratory relief, quiet title and determination or priority or extent of interest in property.  The State family law Court is the proper forum to adjudicate the aforementioned claims asserted by Plaintiff.

The claims and defenses  Guillermo asserts are the  violation of fiduciary duty, conversion and violation of California Penal Code §496 and this matter may proceed in state court.    Under the penal code exception to the bankruptcy code the bankruptcy court usually abstains from criminal law matters.

In non-core proceedings, the bankruptcy court is required to submit proposed findings of fact and conclusions of law to the district court. [28 U.S.C. § 157(c).]

Movant, GUILLERMO MONTERO, hereby moves this Court to order the bankruptcy court to abstain from hearing the above-captioned adversary proceeding pursuant to 28 USC §1334©(2), mandatory abstention and to dismiss the adversary proceeding without prejudice due to abstention.

Alternatively, if this Court determines that mandatory abstention does not apply, this Court should exercise its discretion and abstain from hearing the adversary proceeding pursuant to 28 USC §1334©(1) on a discretionary basis pursuant to 28 USC §1334©(1) without prejudice due to the abstention and dismiss the case with prejudice since the Plaintiff has judicially admitted the case is "moot" and there is nothing left to litigate, which has been the situation for over fourteen (14) months.

**i.    <u>THE COURTS JURISDICTION OVER THE 50% COMMUNITY PROPERTY SALE PROCEEDS LAPSED AFTER THE SALE</u>**

Property ceases to be property of the estate if it is sold or abandoned. [*In re D. Papagni Fruit Co.* (BC SD CA 1991) 132 B.R. 42, 45.] In this case the real property was sold in July 2024. The proceeds from the sale ceased to be property of the estate as a result of said sale. Section 363(j) of 11 U.S.C. mandated the Reorganized Debtor to remit 50% of the sale proceeds to Guillermo. The Reorganized Debtor has vacillated on whether or not she owns the 50% on at least two separate occasions in her bankruptcy petition.

In the case of *In re Baroni*, 654 B.R. 334 (2023) United States Bankruptcy for the Central District  Judge Barrish held that the Bankruptcy Court did not have the jurisdiction or authority to order a trustee to retain the exempt funds pending reinvestment because they were not property of the estate. [11 U.S.C.A. §§ 363(b), 363(f), 541(a)(2); 28 U.S.C.A. § 1334(e); Cal. Civ. Proc. Code § 704.720.]    The bankruptcy courts determination was upheld in the *Baroni*, id.  case.

The same rules apply in this matter since the 50% sale proceeds were not part of the bankruptcy estate per 11 U.S.C.A. §§ 363(b), 363(j), 541(a)(2); 28 U.S.C.A. § 1334(e);   What this means is that reorganized  debtor cannot use the bankruptcy code to thwart co-owner rights to partition offsets.   As the Supreme Court has stated,    "[p]roperty interests are  created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."  [*Butner v. United States*, 440 U.S. 48, 55; 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979).]

Similarly, state law determines the "interests" of the co-owners and the estate under §363(j). See *In re UTSA Apartments 8, L.L.C.*,  886 F.3d at 487 "[I]t naturally follows that state law should similarly determine the interest shares for purposes of a § 363(j) distribution following a sale pursuant to § 363(h).").

The date for determining ownership is the date of petition. *Aino v. Maruko, Inc. (In re Maruko, Inc.)* , 200 B.R. 876 (Bankr. S.D. Cal. 1996)

Nevertheless, the bankruptcy court has allowed the reorganized Debtor and her Counsel to utilized the adversary proceeding to bully, silence and extort 50% of $2,000,000.00 from Defendant Guillermo.

.

### CONCLUSION

 The adversary complaint must be removed to the District Court based upon the violation of Guillermo's 5th Amendment rights and violation of the Hobbs Act by the Reorganized Debtor.   The mandate of 11 U.S.C. §363(j) is not modifiable by the bankruptcy court either which supports this reference motion.

MICHAEL MEYER ATTORNEY
FOR, GUILLERMO MONTERO
Defendant

**DECLARATION OF GUILLERMO MONTERO IN SUPPORT OF MOTION TO REMOVE AND/OR ABSTAIN**

I, MICHAEL MEYER, declare as follows:

1.   I make this declaration in support of the Motion to move or reference and to Abstain the from hearing the Adversary Proceeding.

2.  I reviewed the chapter 11 docket for case number 2:23-bk-18404-WB and am attaching a copy of the docket that indicates the chapter 11 plan has been confirmed and also a copy of the appeals filed on August 19, 2025.

          I declare under penalty of perjury under the laws of the United States of America.

Executed this on 17th day of October, 2025 at Los Angeles, California.

_____

Declarant

Eric Bensamochan, Esq.  SBN: 255482
**The Bensamochan Law Firm Inc.**
9025 Wilshire Blvd. Suite 215
Beverly Hills, CA. 90211
Tel: (818) 574-5740
Fax: (818) 961-0138
Email: eric@eblawfirm.us

Eric Bensamochan, Esq.
Attorney for Reorganized Debtor



FILED & ENTERED

NOV 25 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In re

**MARIA ELIZABETH MONTERO LEON**

Reorganized Debtor

Case No.: 2:23-bk-18404-WB

Chapter 11

**ORDER CONFIRMING PLAN OF REORGANIZATION FOR DEBTOR IN POSESSION MARIA ELIZABETH MONTERO LEON**

Date: November 21, 2024
Time: 11:00 am
Place: 255 E. Temple St. Courtroom 1375
Los Angeles, CA. 90012

**AT LOS ANGELES, CALIFORNIA, IN THE ABOVE JUDICIAL DISTRICT, ON THE DATE WRITTEN ABOVE:**

The hearing on the confirmation of the "Plan of Reorganization" ("Plan"), filed by The Debtor Maria Elizabeth Montero Leon, was held at 11:00 a.m., before the Honorable Julia W. Brand, United States Bankruptcy Judge. The Debtor appeared by and through her attorney of record, Eric Bensamochan, Esq. Other appearances were as noted on the record. The Court having received, reviewed and considered the Plan, the evidence submitted in support of the Plan, and there being no unresolved objection or opposition to confirmation of the Plan, having heard and considered the statements of counsel, and being fully advised,

**IT IS HEREBY ORDERED THAT:**

1. The Plan, a copy of which is on the docket as #96, and is incorporated herein by reference, is hereby confirmed and approved by this Court.

2. The Debtor is authorized to perform all acts, execute and deliver all documents, pleadings and other instruments of any kind necessary or appropriate to carry out the provisions of the Plan and/or this order.

3. On the Effective Date of the Plan ("Effective Date"), all assets of the estate shall vest in the Reorganized Debtor for the benefit of creditors, free and clear of all claims, liens, and other interests of creditors, except as expressly provided in the Plan. Without limiting the foregoing, the Reorganized Debtor, shall be the duly authorized representative to object to any claims filed, scheduled or deemed filed in this Chapter 11 case and the Reorganized Debtor is designated as the representatives of the estate under Section 1123(b)(3) of the Code and shall have the right to assert any or all causes of action owned by the bankruptcy estate post-confirmation in accordance with applicable law, and rights and causes of action arising or assertable at any time against any party under the Code, including but not limited to claims arising under Code §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, 552 and 553. Each of the foregoing claims are expressly reserved whether or not such claims or causes of action are the subject of pending litigation as of the Effective Date.

4. Except for any executory contracts and unexpired leases which may have been assumed in writing by the Debtor prior to the Confirmation Date, any and all executory contracts and unexpired leases which were, or which are, claimed to be, or have been in existence at any time during the course of this proceeding or before this proceeding was filed, are deemed rejected on the Effective Date.

5. Debtor's counsel, as the Disbursing Agent, shall distribute all property to be distributed pursuant to the terms of the Plan upon receiving further instruction of the court. Debtor's counsel shall maintain the sales proceeds generated from the sale of real the real property located at 631 N. Hillcrest Rd. Beverly Hills, CA. 90210. Debtor's counsel is authorized to disburse only funds to those who have been approved to receive any portion of the sales proceeds per the order granting the Debtor's motion to sell real property, which order appears as Docket No. *150* 5̶0̶.

///

6. The Court will retain the jurisdiction expressly conferred by the Bankruptcy Code and Titles 18 and 28 of the United States Code including, but not limited to, the entry of an order in aid of implementation of the Plan, and to do all of those things expressly stated or otherwise contemplated by the Plan.

7. The Continued Post Confirmation Status Conference shall be held on March 27, 2025, at 10:00 a.m.  The Debtor shall file a status report, no later than fourteen (14) days prior to the Post Confirmation Status Conference, explaining what progress has been made toward consummation of the confirmed plan of reorganization. The report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every 120 days thereafter and served on the same entities, unless otherwise ordered by the Court. The status report shall include at least the following information:

   a. A schedule listing for each debt and each class of claims: the total amount required to be paid under the plan; the amount required to be paid as of the date of the report; the amount actually paid as of the date of the report; and the deficiency, if any, in required payments.

   b. A schedule of any and all post-confirmation tax liabilities that have accrued or come due and a detailed explanation of payments thereon.

   c. Debtors' projections as to its continuing ability to comply with the terms of the Plan;

   d. An estimate of the date for Plan consummation and application for final decree; and

   e. Any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

8. If the final decree has been entered before the status conference, the Post-Confirmation Status Conference will be taken off-calendar.

9. Confirmation of the Plan shall not limit, expand or otherwise alter or effect any right, claim or defense of any person, and creditors may pursue any Federal or State Court remedy for breach of the plan.

10. All fees payable pursuant to section 1930 of Title 28 of the United States Code shall be paid on the Effective Date.

11. All fees payable pursuant to section 1930 of Title 28 of the United States Code after the Effective Date shall be paid on a quarterly basis until the Chapter 11 case is closed,

converted, or dismissed.  The reorganized Debtor shall be jointly and severally liable for the

payment of all quarterly fees due pursuant to section 1930 of Title 28 after the Effective Date.

The reorganized Debtor shall provide the United States Trustee with post-confirmation

quarterly reports that shall include all of their respective disbursements for that quarter

###

Date: November 25, 2024

Julia W. Brand
United States Bankruptcy Judge

NOTICE OF APPEAL

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MARIA ELIZABETH MONTERO LEON | DISTRICT COURT CASE NUMBER: |
| | 2:25−cv−07785−FWS |
| DEBTOR(S) | BANKRUPTCY COURT CASE NUMBER: |
| | 2:23−bk−18404−WB |
| GUILLERMO MONTERO | ADVERSARY CASE NUMBER: |
| APPELLANT(S) | NONE |
| v. | |
| MARIA ELIZABETH MONTERO LEON | **NOTICE REGARDING APPEAL** |
| APPELLEE(S). | **FROM BANKRUPTCY COURT** |

Because one of the parties has so requested, this appeal from the Bankruptcy Court will be heard in, and determined by, the United States District Court, Central District of California. The District Court has assigned to the appeal the case number shown above. Hereafter, *this District Court case number* **must** appear on all documents filed in this appeal, along with the Bankruptcy Court case number(s) and adversary case number(s) (if any) shown above.

The appeal has been assigned to _____ United States District Judge Fred W. Slaughter _____, whose initials appear at the end of this District Court case number. Be advised that pursuant to Local Rules 7.1-1 and 83-1.3.1 and Local Bankruptcy Rule 2.1, parties are **required** (1) to file a certification of interested parties and (2) to notify the Court of any cases previously filed with the District Court that appear to be related to this bankruptcy appeal.

Unless exempted by the Court's local rules, all documents must be e-filed using the District Court's CM/ECF System. Unless otherwise ordered by the Court, pro se litigants shall continue to present all documents to the Clerk for filing in paper format. Documents received by the Clerk from pro se litigants under this rule will be scanned by the Clerk into the CM/ECF System.

Each party must comply with all applicable rules of the Federal Rules of Bankruptcy Procedure. As provided in said rules, within fourteen days after filing the notice of appeal, Appellant **must** file the following with the Clerk of the Bankruptcy Court:

**A designation of record**
**A statement of issues on appeal**
**A notice regarding the ordering of transcripts**

If the Appellee desires to designate further portions of the record, Appellee must file in the Bankruptcy Court within fourteen days after service of Appellant's designation a supplemental designation of record, supplemental statement of issues, and/or a notice regarding additional transcripts. Each counsel will include the designated excerpts of the record and all transcripts previously ordered by said counsel as an appendix to his or her brief(s).

Please note that neither party may include or make reference to any excerpts of record other than those which have been properly and timely designated. The District Court, in the appeal, will review and consider only those documents in the case file that the parties have designated and thereafter reproduced.

Under Federal Rule of Bankruptcy Procedure 8010(a), the court reporter/recorder is required to file all transcripts ordered by either side within 30 days of the order (**with payment tendered in advance**) unless an extension has been granted.

**The failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal.**

After the designated record is complete, the Clerk of the Bankruptcy Court will transmit to the Clerk of the District Court either the record for this appeal or notice that the record is available electronically. The Clerk of the District Court will then issue a Notice Re: Bankruptcy Record Complete, which will constitute notice, pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received by the District Court. The date of filing of this Notice Re: Bankruptcy Record Complete will be the starting date for the calculation of all deadlines pursuant to Federal Rule of Bankruptcy Procedure 8018, and, if applicable, Federal Rule of Bankruptcy Procedure 8016. Only the District Court may grant a request for an extension of the time for filing briefs as set forth in those Rules. Any such request must be filed well in advance of the due date and must specify good cause for the requested extension.

Once briefing is complete, the Courtroom Deputy Clerk of the assigned District Judge will advise parties of the date for oral argument, unless the District Judge determines that oral argument is not needed.

Clerk, U.S. District Court

  August 28, 2025  
Date

By  /s/ *Carmen Lujan*  
Deputy Clerk

*CC:  Bankruptcy Court Judge*