JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09988-RGK<br>(2:23-bk-18404-WB / 2:25-ap-01061-WB) | Date | December 15, 2025 |
| Title | *Maria Elizabeth Montero Leon v. Guillermo Montero* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Withdrawal of Reference from U.S. Bankruptcy Court [DE 1]**

## I. INTRODUCTION AND BACKGROUND

On December 2023, Maria Elizabeth Montero Leon ("Plaintiff") filed a Chapter 11 Petition in the United States Bankruptcy Court for the Central District of California. On November 4, 2024, as a part of the bankruptcy proceedings, 631 N. Hillcrest Road, Beverly Hills, CA 90210 ("Hillcrest Property") was sold. Guillermo Montero ("Defendant") has since asserted a community property interest in the Hillcrest Property proceeds. In response to Defendant's claims, on March 24, 2025, Plaintiff commenced an adversary proceeding ("Adversary Proceeding"), which remains pending, against Defendant to seek a judicial declaration that she is entitled to 100% of the Hilcrest Property sale proceeds and to quiet title in the sale proceeds. (Case No. 2:25-ap-01061-WB.)

Presently before is Defendant's Motion for Withdrawal of Reference as to the Adversary Proceeding ("Motion"). (ECF No. 1.) For the following reasons, the Court **DENIES** Defendant's Motion.

## II. JUDICIAL STANDARD

While district courts have original jurisdiction over "all civil proceedings" arising under the Bankruptcy Code and cases "related to cases" under the Bankruptcy Code, the jurisdiction is not exclusive. 28 U.S.C. §§ 157(a), 1334(a)–(b). A district court may refer these proceedings to a bankruptcy judge, and in the Central District of California, all such proceedings are automatically referred to bankruptcy judges. 28 U.S.C. § 157(a); *see also* C.D. Cal. General Order 13-05.

In certain circumstances, however, the automatic reference may be withdrawn, whereafter the case would proceed in the district court. Under 28 U.S.C. § 157(d), withdrawal is either mandatory or permissive. However, a threshold issue for both mandatory and permissive withdrawal is whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09988-RGK<br>(2:23-bk-18404-WB / 2:25-ap-01061-WB) | Date | December 15, 2025 |
|---|---|---|---|
| Title | *Maria Elizabeth Montero Leon v. Guillermo Montero* | | |

motion to withdraw was made in a timely manner. *In re McClure*, 2022 WL 17721587, at *3 (C.D. Cal. Dec. 15, 2022); *see also* 28 U.S.C. § 157(d) (a court can mandatorily withdraw the reference on "*timely* motion of a party," or permissively withdraw on "[the Court's] own motion or on *timely* motion of any party.") (emphasis added).

A motion to withdraw is timely if it was made "as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) (citing *In re Baldwin-United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985)). A party must move for withdrawal "at the first reasonable opportunity" it has, "as evaluated within the specific factual context [of the case]." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (quoting *Stratton v. Vita Bella Grp. Homes, Inc.*, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007)) (internal citations omitted). A motion to withdraw the reference is untimely when a "significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where the withdrawal would have an adverse effect on judicial economy." *Hupp v. Educ. Credit Mgt. Corp.*, 2007 WL 2703151, at *3 (S.D. Cal. Sept. 13, 2007).

### III.   DISCUSSION

Plaintiff filed the Adversary Proceeding on March 24, 2025. Defendant now makes the present Motion to Withdraw Reference nearly seven months after the filing of the Complaint in the Adversary Proceeding. In fact, Defendant actively engaged in litigation regarding the Adversary Proceeding, including a Motion for the Bankruptcy Court to Abstain Hearing the Adversary Proceeding (ECF No. 13, Case No. 2:25-ap-01061-WB.) The Motion for the Bankruptcy Court to Abstain was filed on May 23, 2025, and alleges that the bankruptcy court should abstain from the adversary proceeding because the claims are "non-core" proceedings, which means that they "do not depend on the Bankruptcy Code for their existence and they could proceed in another Court." (Def.'s Mot. Abstain Hearing Adversary Proceeding at 4, ECF No. 13, Case No. 2:25-ap-01061-WB.)

At that point, Defendant was on notice of the grounds for withdrawing the reference. Mandatory withdrawal hinges on whether there is "material consideration of non-bankruptcy federal law" and permissive withdrawal considers judicial efficiency and whether "non-core" issues predominate that "do not depend on bankruptcy laws for their existence and that could proceed in another court." *Sec. Farms*, 124 F.3d at 1008. Defendant was clearly on notice that there were grounds for permissive withdrawal, evident from Defendant's May 23, 2025 motion. Regarding mandatory withdrawal, it is doubtful to think that Defendant only learned of whether there were material considerations of non-bankruptcy federal law nearly five months after the initial complaint in the Adversary Proceeding was filed, especially when Defendant continued to litigate the Adversary Proceeding in bankruptcy court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09988-RGK<br>(2:23-bk-18404-WB / 2:25-ap-01061-WB) | Date | December 15, 2025 |
|---|---|---|---|
| Title | *Maria Elizabeth Montero Leon v. Guillermo Montero* | | |

Defendant argues in his reply that "[Defendant] could not remove this matter before the [90 day] stay [in the bankruptcy] court expired." (Def's Reply at 4). The Court is unaware of such a prohibition, as Motions for Withdrawal of Reference are filed in district court, not bankruptcy court. *See* Local Bankruptcy Rule 5011-1; District Court Local Rule Section 4, Rule 9. Furthermore, the matter in the bankruptcy court was not stayed, rather the hearing on the Status Conference was continued for 90 days. Defendant could still file a Motion for Withdrawal of Reference, and Defendant actually did so in a related case on September 18, 2025 (before the claimed 90 day "stay" period expired). (ECF No. 1, Case No. 2:25-cv-08905-RGK.)

Even though Defendant was on notice, Defendant failed to file a motion to withdraw reference. Instead, Defendant waited nearly five months to make this present Motion, a significant amount of time. *See In re McClure,* 2022 WL 17721587, at *4 (C.D. Cal. Dec. 15, 2022) (finding a motion to withdraw reference untimely where movant moved for withdrawal nearly four months after learning of the grounds for withdrawal). Therefore, Defendant did not move for this Motion as promptly as possible and the Motion is untimely.

### IV.   CONCLUSION

Accordingly, the Court **DENIES** Defendant's Motions to Withdraw Reference.

This action is hereby referred back to the U.S. Bankruptcy Court.

**IT IS SO ORDERED.**

cc:   U.S. Bankruptcy Court
      2:23-bk-18404-WB / 2:25-ap-01061-WB

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |